MOSES A. MASON *vs.* SAMUEL D. PHILBROOK & another.

Oxford.   Opinion January 8, 1879.

*Writ of Entry.  Bankruptcy.  Evidence.  Burden of Proof.  Mortgage.*
*Notice.  Registration.*

Where the right, title and interest of a bankrupt in certain real estate has
been sold by his assignee, and there is a mortgage on record on the premises
sold, in a suit by the mortgagee against such purchaser the burden is on the
purchaser to show a payment or discharge of the mortgage.

When the mortgagee is present at such sale he is not estopped to enforce
his mortgage by reason of his omitting to state his title at the sale, the same
appearing of record.

ON REPORT.

WRIT OF ENTRY, brought on a mortgage deed from Mighill
Mason to the plaintiff, his brother, of land in Bethel, dated
November 14, 1859, and next day recorded in Oxford registry, to
secure two notes of even date of $300 each payable with interest,
one on demand, the other in one year.

Plea, *nul disseizin*, with brief statement in substance and
effect that there was nothing due on the mortgage, and that the
defendant was owner by purchase of Mighill's interest at an auction
sale of his estate as a bankrupt.   The brief statement also set out
certain facts afterwards relied upon by way of estoppel; that at an
examination of Mighill before Register Fessenden, October 25,
1876, plaintiff also appeared and stated that, Mighill owed him
$166.25, and for one-half of thirty-two bales of hops, and for
nothing more that he knew of; and afterwards, May 25, 1877, he
appeared to prove his claim for hay, hops, flour and interest,
amounting to $1323.33, not including the mortgage and notes in
question; that he then and there stated that Mighill owed him
nothing that he knew of except the claim for $1323.33 specified;
that the property was struck off to defendant Philbrook by the
auctioneer at the sum of $1295, free of all incumbrances except
the taxes due thereon and the widow's prospective right of dower;
that the plaintiff was present at the sale at auction and well
understood the terms and conditions and that defendant bid off
the premises at the sum aforesaid, and that plaintiff then did not

state or make known that he claimed any title or lien on the premises under or by virtue of the mortgage and notes.

The plaintiff introduced his mortgage and notes. The defendant introduced evidence tending to show the facts set out in his brief statement. The plaintiff, in rebuttal, testified that, the money secured by the notes and mortgage belonged to his brother Charles G. Mason, sent home by him from California in 1856; that he first used the money himself, and some three years afterwards let it to Mighill and took the notes and mortgage and kept them in a tin box belonging to Charles; that this money was never taken into account in his dealings with Mighill; that he was not present at the sale till after the property was bid off, and then Philbrook told him that he got it a thousand dollars cheaper on account of his mortgage.

*Black & Holt and R. A. Frye*, for plaintiff.

*D. Hammons, E. Foster, Jr.*, for defendants, contended that, the evidence indicated that the mortgage, as now presented, was a fraud; that the mortgage notes had been paid and taken up and new ones substituted; and whether so, or not, the plaintiff, by his presence at the sale, by his acts and admissions there and elsewhere, was estopped from setting up the mortgage claim.

APPLETON, C. J. This is an action of ejectment on a mortgage given by Mighill Mason to the demandant, dated November 14, 1859, to secure the payment of two notes of hand, each for the sum of three hundred dollars.

Mighill Mason having become a bankrupt, the other tenant, Philbrook, claims the estate covered by the mortgage as a purchaser at an auction sale of the bankrupt's real estate. Assuming all the proceedings in the bankruptcy court correct and the sale in all respects valid, the assignee of Mighill Mason neither conveyed nor undertook to convey more than " the right, title and interest of the bankrupt " in the premises sold.

The real question is as to the payment or discharge of the mortgage in suit. The tenant's title is subject to the mortgage unless paid or discharged, and it is for them to show its payment or discharge; and we do not think the evidence shows either.

It is claimed that the demandant is estopped to recover because he did not disclose his mortgage claim at the time of the sale of the premises to Philbrook. The mortgage was on record. It is in dispute whether the demandant was at the place of sale until after the estate in controversy was sold Philbrook. If present, he is not so far estopped by reason of his omission to state his title as thereby to forfeit his estate—particularly where no inquiries were made of him, and where an examination of the records would have shown the existence of the mortgage, and when, in fact, the auctioneer was not attempting to sell anything more than the debtor's interest.

*Judgment for the demandant.*

WALTON, BARROWS, VIRGIN and LIBBEY, JJ., concurred.