## Richmond.

## ATLAS PORTLAND CEMENT COMPANY AND OTHERS V. MAIN LINE REALTY CORPORATION AND OTHERS.

### March 9, 1911.

1. MECHANICS' LIENS—*Building Erected by Lessee—Liability of Lessor's Interest—Code, Sections 2475 and 2483.*—Section 2475 of the Code, relating to mechanics' liens, declares that where the claim of the mechanic "is for repairs only, no lien shall attach to the property repaired unless the said repairs were ordered by the owner or his agent." Section 2483 provides that "if any person who shall cause such building or structure to be erected or repaired owns less than a fee simple estate in such land, then only his interest therein shall be subject to such liens." When the provisions of these two sections are read together, it is clear that the interest of a lessor in a lot upon which the lessee has erected a building cannot be subjected to the liens of mechanics for erecting such building, unless the lessor caused the building to be erected thereon.

2. MECHANICS' LIENS—*Landlord and Tenant—Improvements by Tenant.*—A contract of lease by which the lessee is required to erect buildings on the leased premises does not constitute the tenant the agent of the landlord, nor give him the implied authority to create a lien upon the landlord's interest in the leased premises for improvements made thereon, unless the law-making power expressly, or by necessary implication, enacts otherwise.

3. MECHANICS' LIENS—*Improvements by Tenant—"Cause" to Be Erected—Code, Section 2483.*—Where a lessee has covenanted by a written lease, duly recorded, to erect a building on the leased premises of a specified value, at his own expense, and such building is erected thereon by a mechanic under a contract with the lessee, by which the lessor is in no way bound, directly or indirectly, the building is not "caused" to be erected by the lessor, within the meaning of section 2483 of the Code, and the mechanic cannot assert a lien against the interest of the lessor in the leased premises.

Appeal from a decree of the Court of Law and Chancery of the city of Norfolk.    Decree for the defendants.    Complainants appeal.

*Affirmed.*

The opinion states the case.

*Thomas W. Shelton, Leo. Judson, John B. Jenkins, Jeffries, Wolcott, Wolcott & Lankford* and *Loyall, Taylor & White,* for the appellants.

*Floyd Hughes, Williams & Tunstall, H. H. Little* and *Ro. W. Shultice,* for the appellees.

BUCHANAN, J., delivered the opinion of the court.

On the first day of January, 1907, the Richmond Company and Main Line Realty Corporation, both incorporated under the laws of this State, entered into a contract by which the former leased to the latter a lot of land situated on Granby street, in the city of Norfolk, to hold from that date for the period of twenty years, for an annual rent, payable monthly, of $12,500, and the lessees agreed to erect and maintain at its own expense a building on the said lot at least two stories high, built of brick or stone, to cost when complete not less than $125,000 (afterwards changed to $90,000), the building to be commenced on or before the 10th of February following, and completed with all reasonable diligence and dispatch.    The agreement further provided for keeping the property insured and the payment of taxes, etc., by the lessee, and that if the lessee or its assigns or successors should at any time during the said term fail to keep the covenants of the lease on its part for a certain period designated therein, the lessor, its successors or assigns, etc., had the right to enter upon the said premises and the improvements thereon or to be erected

thereon, and the same to have again, repossess and enjoy absolutely and in fee simple, as though the said lease had never been made, and without making any compensation to said lessee, its successors or assigns, for the said building. The lease further provided that at the expiration of the twenty years the deed of lease should be taken and deemed to be in full force for the period of twenty years, at the same annual rent, and in all other respects upon the same terms and conditions, and so on forever.    There were other provisions in the lease, but they are not material to the decision of this appeal.

Under this agreement, which was recorded in the proper office, the lessee took possession of the lot and entered into a contract with E. Tatterson, a general contractor, to construct the building mentioned in the lease, except certain minor parts of the work, which were undertaken by two other independent contractors.    Tatterson proceeded to carry out his contract, did considerable work and furnished a good deal of material in performing his agreement, until the lessee, in the early part of the summer of the year 1907, being unable to meet its obligations and make payments to Tatterson, he discontinued work on the building, and the building was not completed.    Thereupon numerous persons perfected their liens for labor and supplies.    They afterwards became parties to this suit, and the question we are called upon to determine on this appeal is, whether or not they or any of them have liens upon the lessor's interest in the lot which reverted to him upon the lessee's failure to keep and perform its covenants in the lease.

By section 2475 of the Code, it is provided: "All artisans, builders, mechanics, lumber dealers, and other persons performing labor about or furnishing materials for the construction, repair, or improvement of any building or structure permanently annexed to the freehold, and all persons performing any labor or furnishing materials for the con-

2

struction of any railroad, whether they be general or sub-contractors or laborers, shall have a lien, if perfected as hereinafter provided, upon such building or structure, and so much land therewith as shall be necessary for the convenient use and enjoyment of the premises, and upon such railroad and franchise for the work done and materials furnished; but where the claim is for repairs only no lien shall attach to the property repaired unless the said repairs were ordered by the owner or his agent."

Section 2483 provides, that "If any person who shall cause such building or structure to be erected or repaired owns less than a fee simple estate in such land, then only his interest therein shall be subject to such liens."

When the provisions quoted are read together (whatever might be the proper construction of section 2475 if our statutes on the subject of mechanics' etc. liens did not contain the provision quoted from section 2483), it is clear, we think, that the interest of the lessor in the lot cannot be subjected to the liens of the appellants, unless the lessor caused the building to be erected on the lot.

There was an effort made in the trial court, as stated in the report of the commissioner to whom was referred the question of ascertaining the amount of the debts of the appellants and the property upon which they were liens, "to show that there was fraud and deception practiced upon the sub-contractors by certain persons who were officers and stockholders of these two companies (the lessor and lessee corporations), but the testimony utterly fails to establish those charges. The Main Line Realty Corporation had its origin at a time when many persons who were usually conservative believed that there was almost unlimited profit in an investment on Granby street, and (this), like many other undertakings at that time proved to be a failure."

Without discussing the evidence upon this question, it is sufficient to say that we agree with the commissioner

that no such fraud was proved. Indeed, as we understood appellants' counsel in their oral argument in this court, that contention was abandoned.

It is insisted that the appellants' claims are liens upon the lessor corporation's interest in the lot because the lessee corporation was in effect the agent of the lessor in causing the building to be erected on the lot. The evidence fails to sustain this contention, unless in a contract of lease, where the lessee is by its terms required to erect a building upon the leased premises, the lessee becomes the agent of the lessor.

It is well settled that such relation does not make the tenant the agent of the landlord, and that it does not give him the implied authority to create a lien upon the landlord's interest therein for improvements made thereon, unless the law-making power expressly or by necessary implication enacts otherwise. Phillips on Mechanics' Liens, secs. 89 and 90; Boisot on Mechanics' Liens, secs. 289, 291; Jones on Liens, secs. 1273, 1276; *Mills* v. *Mathews,* 7 Md. 315; *Rothe* v. *Billingrith,* 71 Ala. 55; *Harman* v. *Allen,* 11 Ga. 45.

It is further insisted that the lessor *caused* the building to be erected on the leased premises, within the meaning of section 2483 of the Code.

That section, as before stated, provides, that "If the person who shall cause such building or structure to be erected or repaired owns less than a fee simple estate in such land, then only his interest therein shall be subject to such liens."

It is true, as argued, that the contract of lease required the building to be erected; but it was to be erected by the lessee, and the lessee alone, and at its cost. The lease was of record and the appellants must be charged with notice of its contents. The lessor in no way, directly or indirectly, contracted with the general contractor or the persons who did the labor or furnished the supplies. On

the contrary, the agreements for its erection were between the general contractors and the lessee.    Under these contracts the work was done and the supplies furnished.    The lessor was no party to those contracts and the work was not done nor the supplies furnished at its instance or request. We do not think that in any proper sense of the word, "cause," as used in the statute, it can be held that the lessor caused the building to be erected.

In the case of *Cornell* v. *Barney,* 94 N. Y. 394, in construing the word "cause" in a mechanic's lien statute which is similar to our own on this point, the Court of Appeals of New York said: "The plaintiffs can have no lien under this section upon Barney's (the landlord) interest in the land, because he did not in any proper sense cause the building to be constructed.    Within the meaning of this section, the building must be constructed for and at the expense of the landlord or under contract with him.    Salem (the tenant) caused the building to be constructed, and the plaintiffs could have no lien upon his interest in the land under the lease."

In that case the materials were furnished by the plaintiffs under a contract with a lessee, for a building in process of erection by the latter, in pursuance of provisions in his lease by which he covenanted to erect a building on the leased premises of at least a specified value.    The lessor covenanted to loan a named sum as the building advanced, to be secured by mortgage on the lessee's interest.    The building, at the end of the last of certain renewals provided for in the lease, or sooner, in case the lessee failed to perform his covenants, was to revert to and become the property of the lessor.    In an action to foreclose an alleged mechanic's lien, it was held that in the absence of evidence that the lessor had some connection with the plaintiff's contract, the plaintiff was not entitled to have or enforce a lien against the interest of the lessor in the land or build-

ing, but only against that of the lessee.    See also Jones on Liens, secs. 1273, 1275; Boisot on Mechanics' Liens, sec. 296; Phillips on Mechanics' Liens, secs. 27, 88.

The trial court having held in accordance with the views expressed in this opinion, that the appellants' claims were not liens upon the interest of the lessor in the leased premises, it follows that its decree must be affirmed.

*Affirmed.*