## Wytheville.

### HIDEN, TRUSTEE v. MAHANES.

June 8, 1916.

Absent, Cardwell, J.

1. MORTGAGES—*Growing Trees—Sale by Mortgagor—Liability of Purchaser—Public Records—Notice.*—A deed of trust conveying land carries with it the timber growing on the land; and where such deed is duly recorded, and in express terms provided that the proceeds of any oak timber cut and removed from the land shall be applied to the payment of the notes secured by the deed of trust, any one who cuts and removes such timber is conclusively charged with notice of the provisions of the deed, and is bound to see to the application of the proceeds of the timber, and, failing to do so, is liable for the amount.

2. MORTGAGES—*Foreclosure—Action Against Purchaser of Growing Trees.*—Under the circumstances set forth in the preceding paragraph the trustee was not bound to foreclose the deed of trust before suing to recover the proceeds of the timber cut and removed from the land.

3. ESTOPPEL—*Silence—Facts Disclosed by Public Records.*—A person is not estopped merely by his silence and failure to disclose facts that may be ascertained by an examination of the public records, so long as no act is done to mislead the other party. In such case there is no duty to speak, and he may rely upon notice given by the public records.

Error to a judgment of the Circuit Court of Louisa county, in an action of assumpsit. Judgment for the defendant. Plaintiff assigns error.

*Reversed.*

The opinion states the case.

*J. G. Hiden,* for the plaintiff in error.

*Gordon & Gordon*, for the defendant in error.

KELLY, J., delivered the opinion of the court.

On January 8, 1913, D. E. Preddy conveyed a tract of land to G. L. Lascalleet, who at the same time and as part of the same transaction, conveyed the land to J. G. Hiden, trustee, to secure to Preddy the payment of a number of notes aggregating $4,950, which, less $50 paid in cash, was the total amount of the purchase price.

The deed of trust was duly recorded on February 20, 1913, and was in what we may term the usual form, except as to the following special provision:

"The said parties of the first part also covenant and agree that as long as any part of the indebtedness hereby secured shall remain unpaid they will not, without the consent in writing of the said D. E. Preddy, cut, sell or remove, or allow to be cut, sold or removed, any of the oak timber now growing on said track of land, and if permitted to cut the same that the money derived therefrom will be applied as a credit on the notes herein secured."

In June, 1913, Lascalleet, being then in possession, sold the oak timber on the land to Oscar Mahanes, who soon afterwards cut and removed practically all of it, and paid for it in full to Lascalleet. The latter, a short time after making this sale of the timber, moved off of the land and has never accounted for the price of the timber or paid anything on the notes secured by the deed of trust.

This action of assumpsit was brought by the trustee, Hiden, at the instance of Preddy, to recover of Mahanes the value of the timber cut and removed from the land. The trial resulted in a verdict for the defend-

ant, upon which the court entered the judgment under review.

There were a number of exceptions, but the fundamental question which, in our opinion, must control the decision upon this writ of error, as well as upon any future trial, unless the evidence should be materially different from that which appears in the present record, arises upon the assignment of error based on the refusal of the circuit court, upon the motion of the plaintiff, to set aside the verdict as contrary to the law and the evidence, and award a new trial. The motion ought to have been sustained.

The deed of trust which directly affected the title to the oak timber growing upon and constituting a part of the realty (*Stuart* v. *Pennis*, 91 Va. 688, 22 S. E. 509; *Yellow Poplar Lumber Co.* v. *Thompson*, 108 Va. 612, 62 S. E. 358; *Hurley* v. *Hurley*, 110 Va. 678, 65 S. E. 472, 18 Ann. Cas. 968,) also in express terms provided that the proceeds of any oak timber cut and removed should be applied to Preddy's notes. Mahanes was conclusively charged with notice of this provision (*Flanary* v. *Kane*, 102 Va. 547, 552, 46 S. E. 312, 681; *Charlottesville Hardward Co.* v. *Perkins*, 118 Va. 34, 86 S. E. 869, and cases cited). Being so charged, it was incumbent upon him to see to the application of the purchase money for the timber, and having failed to do so, he is liable for the amount.

The defendant relies in this court upon three defenses, namely: (1) that the action was premature, (2) that Preddy's conduct operated as an estoppel, and (3) that he had by his conduct waived any claim against Mahanes.

The first of these defenses is stated in the brief of his counsel as follows: "The status between the parties is that of mortgagor and mortgagee. Hiden

holds the legal title to secure the debt due Preddy, and the only action which can accrue either to the trustee or to Preddy is one for a diminution of the trust subject or the security.   Therefore, the plaintiff in no event could recover until the title, or right of possession was divested out of Lascalleet by foreclosure, and the amount of the deficiency, if any, ascertained."

The specific provision in the deed of trust quoted above is a conclusive answer to this contention, and renders unnecessary any discussion of or expression of opinion upon the effect of the decisions, of which *Scott* v. *Wharton,* 2 H. & M. (12 Va.) 25, is a type, relied on by counsel for defendant to support this defense.   It is sufficient to say that those decisions do not involve the special contract which in this case placed beyond question the rights and obligations of the parties.   It was perfectly competent for Preddy to make the exact contract which he did make, and Mahanes is bound by it.

As to the alleged estoppel and waiver, the evidence falls far short of supporting any such defense.   It is true that Preddy, who lived eight miles from the land was informed (not, however, by or on behalf of Mahanes, but casually) of the fact that Mahanes was cutting the timber and making ties of it; that he remarked to his informant that he did not care how many ties Mahanes cut if Lascalleet complied with his contract; that Preddy knew the address of Mahanes and neither wrote to him nor took any steps to stop him from cutting the trees.   It further affirmatively appears, however, that Mahanes was not, and could not have been, in any way influenced by Preddy's silence, for he testified that he had not examined the records, that Lascalleet had not informed him, and he did not even so much as know of Preddy's lien.   It in no way ap-

pears that Preddy knew or supposed that Mahanes claimed to be ignorant of the lien. He had the right to assume that Mahanes did know of it and of the specific terms of the deed of trust, and that both Lascalleet and Mahanes would be governed thereby; and he testifies that he relied thereon. There was no communication whatever between him and Mahanes, and they do not appear to have come in contact or even to have seen each other while the timber was being cut.

To hold, under these circumstances, that Preddy's mere silence operated to estop him from asserting the rights definitely and specifically stipulated for in a recorded paper which directly affected the title to the trees in question, would set at naught the registry statutes, and would be contrary to the clear result of the authorities upon the subject. As is said in Bigelow on Estoppel, at page 594, "it is settled law that standing by in silence will not bar a man from asserting a title of record in the public registry or other like office, so long as no act is done to mislead the other party; there is no duty to speak in such a case." See also *C. & O. Ry. Co.* v. *Walker,* 100 Va. 69, 94, 40 S. E. 633, 914; Note to *K. & T. Co.* v. *Elkhart, &c. Co.,* 48 L. R. A. (N. S.) pp. 776, 777, and many cases therein cited.

The authorities relied upon by the defendant to sustain his claim of estoppel are not in conflict with those which we have cited, but, upon the contrary, directly support the conclusion above announced. This is illustrated by the following quotation from the case of *Rogers* v. *Portland, &c. Railroad Co.,* 100 Me. 86, 60 Atl. 713, 70 L. R. A. 547, which we take from the defendant's brief, and which we consider, under the facts of this case, conclusive against his contention:

"It is undoubtedly true that in order to create an estoppel, the conduct, misrepresentations or silence of the person claimed to be estopped must be made to, or in the presence of a person who had no knowledge of the true state of facts and who did not have the same means of ascertaining the truth as did the other party. It is urged in this case that this essential requirement is lacking, because while Gerald had no knowledge whatever of the ownership of the farm, by the Savings Bank, he had the means of ascertaining the true state of title by consulting the record of the registry of deeds in that county. It is true that a person will not be estopped merely by his silence and failure to disclose facts that may be ascertained by an examination of the public records when the situation is not such as to place upon him the duty of making known the truth. In such case he may rely upon the notice given by the public record. *Mason* v. *Philbrook*, 69 Me. 57. But where the situation is such that it is his duty to speak, as where inquiries are made of him, or where instead of merely remaining silent, he does some positive, affirmative àct, which would naturally have the effect of misleading or deceiving one, then the mere fact that the truth can be ascertained by an examination of the record does not prevent the operation of the estoppel against him. *Hill* v. *Blackwelder*, 113 Ill. 283; *Robbins* v. *Moore*, 129 Ill. 30, 21 N. E. 934; *Morris* v. *Henderson*, 113 N. C. 237, 18 S. E. 203; *Daniel* v. *Park*, 103 Mass. 501; Pom. Eq. Jur. Vol. 2, section 895, 2 A. & E. Enc. of L. (2nd ed.) 436, and cases cited."

It follows from what has been said that the circuit court erred in giving defendant's instruction upon the theory of estoppel, and in denying the motion for a

new trial on the ground that the verdict was contrary to the law and the evidence.

The judgment will be reversed, and the cause remanded for a new trial to be had, if plaintiff shall be so advised, in conformity with the views herein expressed.

*Reversed.*