## CIRCUIT COURT OF FAIRFAX COUNTY

Elder-Jones, Inc.

v.

Byers, Inc., et al.

Case No. (Chancery) 113354

By JUDGE JACK B. STEVENS

December 11, 1990

This matter has been under advisement by the Court to consider defendant H-L Mall's Demurrer to the Bill of Complaint. The Demurrer asserts that:

(1) Elder-Jones's Bill of Complaint seeks to enforce a mechanic's lien on the entirety of Tysons II Mall, rather than just the portion leased by defendant Byers, Inc., and specified in the memorandum of lien; and that

(2) The mechanic's lien may only be applied to Byers' leasehold interest in the property and may not reach H-L Mall's fee simple interest.

The Court has considered the arguments of counsel and the principal cases cited of *Feuchtenberger v. Williamson, Carroll & Saunders*, 137 Va. 578, 120 S.E. 257 (1923), and *Atlas Portland Cement Co. v. Main Line Realty Corp.*, 112 Va. 7, 70 S.E. 536 (1911). The Court agrees with the assertions of defendant H-L Mall and sustains the Demurrer. Complainant Elder-Jones is granted twenty-one days to amend the Bill of Complaint if it be so advised.

The prayer of the Bill of Complaint seeks to enforce the mechanic's lien "against the property" which, in turn, appears to be described as the entire Mall in Paragraph

No. 6. Paragraphs 19 and 20 allege others who have "an interest in the parcel." Paragraph No. 4 and the memorandum of lien, however, recite that defendant Byers, Inc., operated only in space no. 1794 M. It is thus unclear what constitutes the property against which the lien is asserted. As such, the Complaint is subject to demurrer on ground (1) above. *Woodington Electric v. Lincoln Savings*, 238 Va. 623, 633 (1989).

The memorandum of lien refers to H-L Mall as "Owner/ Lessor" and the defendant Byers, Inc., as "Lessee." The Bill of Complaint alleges that the defendant Byers, Inc., contracted with complainant for the construction done. There is no allegation of any contract with defendant H-L Mall.

Section 43-20, Code of Virginia (1950), as amended, states:

> [I]f the person who shall cause a building or structure to be erected or repaired owns less than a fee simple estate in the land, then *only his interest therein shall be subject to liens created under this chapter. . . .* (Emphasis added.)

In *Atlas Portland Cement Co.,* the Court applied this principal when it protected a lessor's interest in his property where a tenant erected a building, which was the subject of a mechanic's lien and then defaulted in payment. 112 Va. 7, 70 S.E. 536. There the Court prevented the lien from affecting the lessor's interest, even though the lease between the lessor and lessee expressly covenanted that a building would be erected by the lessee. *Id.*

In *Feuchtenberger,* the Court recognized that there are some exceptions where an owner's interest may be affected.

> [U]ndoubtedly the owner of land may by his conduct estop himself from denying that a building contractor has such a lien thereon . . . . 137 Va. 578, 587, 120 S.E. 287 at 260.

The Court explained that in order to make a determina-

tion of whether the owner should be estopped to deny a lien, one should review the evidence. *Id.*

The Court is mindful of complainant's argument regarding the directives of the H-L Mall/Byers, Inc., lease regarding "key money." At this time, however, that matter is not before the Court. Complainant has not made any allegations in the Complaint to indicate that H-L Mall should be estopped from denying the lien on their interest in this property. As such, the Complaint is therefore demurrable on ground (2) above.

### May 10, 1991

This matter has been under advisement by the Court to consider defendants H-L Mall and Peter B. Fitzpatrick's Demurrer to the Bill of Complaint.

At the outset, the Court notes that the caption of the Amended Bill of Complaint fails to identify who constitutes the defendants, other than Byers, Inc. An Amended Bill of Complaint does *not* incorporate any of the original Bill.

In the Demurrer to the rest of the Amended Bill of Complaint, the defendants claim that:

(1) Count I is a claim for breach of a contract between Elder-Jones and Byers and, therefore, does not state a claim against H-L Mall or Peter B. Fitzpatrick; and

(2) Count II inappropriately seeks to enforce a lien on the entirety of Tysons II, rather than just the leasehold property.

The Court has reviewed the Amended Bill of Complaint, considered the arguments of counsel and re-examined the case of *Woodington Electric v. Lincoln Savings*, 238 Va. 623 (1989). For the reasons that follow, the Court sustains the demurrer on both grounds.

Count one is a breach of contract claim. Paragraph 10 states that the contract was between Elder-Jones and Byers. Paragraphs 11-15 explain that Elder-Jones performed, that Byers did not, and that Byers still owes $400,000.00 on the contract. There is nothing in Count I that states a cause of action against H-L Mall or Mr. Fitzpatrick. Accordingly, the demurrer is sustained as to this count.

Having compared the Amended and original Bills of Complaint, the Court agrees with the defendants that Elder-

Jones has done nothing to clarify what constitutes the property against which the lien is asserted. In the Amended Bill of Complaint, Elder-Jones makes the same assertions that this Court found unclear in the original Bill of Complaint. Specifically:

(1) The prayer of the Amended Bill of Complaint, paragraph (d), seeks to enforce the mechanic's lien "against the entire property."

(2) Paragraph 6 of the Amended Bill of Complaint describes the entire mall.

(3) Paragraphs 27 and 28 list other parties with "an interest in the parcel."

(4) Paragraph 4 of the Amended Bill of Complaint states that Byers was operating its business in Space No. 1794 M at the mall.

Elder-Jones's lien may only cover property on which they have worked. *Woodington Electric, supra.* The lien may not extend beyond the property worked upon to reach the entirety of the mall. Since the Amended Bill of Complaint does nothing to clarify whether plaintiff seeks to enforce a lien on just Lot 1794 M, or on the entire mall, the demurrer is sustained as to Count II. The new allegations in the Amended Bill concerning estoppel of H-L Mall do not cure the deficiency as to the property to which the lien attaches.

The complainant not having chosen to materially alter the original allegations as to the property to which the lien attaches, the demurrer is sustained without leave to amend.